UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PROFIT ENERGY COMPANY,** | : | Case No.: |
| on behalf of itself and all others | : | |
| similarly situated | : | |
| 36829 TH 2067 | : | |
| Jerusalem, Ohio  43747, | : | Judge |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **GULFPORT ENERGY CORPORATION** | : | **CLASS ACTION** |
| c/o Corporation Service Company, | : | **COMPLAINT** |
|  Statutory Agent | : | |
| 50 West Broad Street, Suite 1330 | : | |
| Columbus, Ohio  43215, | : | |
| | : | |
| Defendant. | : | |

## JURISDICTION AND VENUE

1. The land subject to the Oil and Gas Sublease at issue in this action is located in Monroe County, Ohio.

2. Jurisdiction arises from claims asserted herein pursuant to 28 U.S.C. 1332(a) and (d) and/or 28 U.S.C. 1367(a) because, with respect to Plaintiff's individual claims, i) Plaintiff is a citizen of a state different from Defendant, ii) the amount in controversy exceeds the sum or value of $75,000.00, and/or because i) at least one member of the putative class is a citizen of a state different from Defendant, ii) the amount in controversy for the class action claims exceeds $5,000,000.00, and iii), none of the exceptions under 28 U.S.C. 1332(d) apply to the instant action.

3. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) and S.D. Ohio Civ. R. 82.1(b) because Defendant transacts business in this District, a substantial part of the

1

events giving rise to the claims occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and Defendant is subject to personal jurisdiction in this District.

4. Plaintiff, Profit Energy Company, is an Ohio corporation with a principal place of business in Ohio.

5. Defendant, Gulfport Energy Corporation, is a Delaware corporation, authorized to do business in the State of Ohio, with a principal place of business in Oklahoma.

6. Defendant is subject to the jurisdiction of this Court pursuant to Federal Rule of Civil Procedure 4 and 28 U.S.C. 115(b)(2) because it is registered to do business in, and does business in, this District.

### FIRST CLAIM

### Breach of Contract- Implied Covenant with Good Faith and Fair Dealing

7. On or about August 17, 2011, Plaintiff entered into an oil and gas sublease ("Sublease") with HG Energy, LLC. A copy of the Sublease is attached as Exhibit A.

8. A memorandum regarding the Sublease was recorded on April 18, 2012 at Monroe County Official Records Volume 217, Page 709. A copy of the Memorandum is attached as Exhibit B.

9. Under the Sublease, Plaintiff subleased to HG Energy, LLC 32 oil and gas leases totaling 1,275.935 acres.

10. At the time, Plaintiff and HG Energy, LLC contemplated that HG Energy, LLC would execute additional subleases ("Related Subleases") that would be subject to the same terms. The Related Subleases would affect the timing of Plaintiff's per acre payment under the Sublease and the amount of Plaintiff's overriding royalty interest ("ORRI") under the Sublease.

A visual depiction of the acreage subject to the Sublease and the Related Subleases is set forth on a map attached to the Sublease as Exhibit B.

11. Paragraph 11 of the Sublease states as follows:

> Sublessor expressly excepts and reserves unto himself, his heirs, successors, and assigns, an overriding royalty interest of one-thirty-second (1/32) to be paid on the gross revenues received by Sublessee. Said 1/32 to be paid on production from every well drilled under this Sublease and all other related Subleases. These Subleases presently total approximately 30,000 acres which total acreage constitutes the "Unit" and will be set forth on a map which will be attached as Exhibit B after all related subleases have been signed. Should Sublessor not have good title to any subleased acreage, the size of this unit will be adjusted accordingly. Sublessor agrees to accept and receive out of the production or the revenue realized from the production of such Unit, such proportional share of the ORRI from each Unit well as the number of Sublessor's Leasehold acres included in the Unit bears to the total number of acres in the Unit. Otherwise, as to any part of the Unit, drilling, operations in preparation for drilling, production, or shut-in production from the Unit, or payment of ORRI attributable to any part of the Unit shall have the same effect upon the terms of this Sublease as if a well were located on, or the subject activity attributable to, the subleased acreage in this Sublease. Sublessor and Sublessee understand that the total acreage figure included in the Unit is subject to change depending upon Sublessee's being able to verify the validity of all leases contained in all related subleases and upon Sublessee being satisfied that such leased acreage can be pooled. It is agreed between the Sublessor and Sublessee that, notwithstanding any language herein to the contrary, all oil, gas or other proceeds accruing to the Sublessor under this lease or by state law shall be without deduction, directly or indirectly, for the cost of producing, gathering, storing, separating, treating, dehydrating, compressing, processing, transporting, and marketing the oil, gas and other products produced hereunder to transform the product into marketable form. In no event shall Sublessor receive a price that is less than, or more than, the price received by Subessee (sic).

12. The acreage described in the Sublease and the Related Subleases was combined into a "Unit" out of which Plaintiff and the sublessors under the Related Subleases are entitled to the ORRI.

13. After execution of the Sublease and all the Related Subleases, HG Energy, LLC paid Plaintiff the per acre payment under the Sublease and sent Plaintiff a division order for the ORRI. See the HG Energy, LLC division order, attached as Exhibit C.

3

14. Plaintiff's decimal interest, as stated on the HG Energy, LLC division order, is 0.0015249920.

15. The unit description for the HG Energy, LLC division order is "Monroe County Group——being 26,146.3458 acres, more or less, situated in Monroe County, Ohio, described in Exhibit "B" of the Oil and Gas Sublease dated August 17, 2011, recorded in Book 217, Page 709."

16. HG Energy, LLC drilled one or more wells under the Sublease and/or Related Subleases and paid Plaintiff the ORRI based on paragraph 11 of the Sublease and the decimal interest stated in the HG Energy, LLC division order.

17. HG Energy, LLC subsequently sold and/or assigned the Sublease and all Related Subleases.

18. Defendant is the successor-in-interest to HG Energy, LLC with respect to the Sublease and the Related Subleases.

19. Defendant has asserted that the total number of acres subject to the Sublease and the Related Subleases has changed from 26,146.3458 to 25,920.889

20. The alleged change in the total number of acres subject to the Sublease and the Related Subleases reduces the size of the "Unit," as defined in paragraph 11 of the Sublease, which affects the decimal interest ORRI to which Plaintiff is entitled.

21. Plaintiff requested that Defendant provide information and documentation showing the reasoning for Defendant's change in the total number of acres subject to the Sublease and the Related Subleases, but Defendant refused to do so.

22. The Sublease is subject to an implied covenant of good faith and fair dealing.

4

23. Defendant's refusal to provide information and documentation showing the bases or reasoning for Defendant's decision to change the size of the "Unit" under the Sublease is a breach of the implied covenant of good faith and fair dealing.

24. Plaintiff is entitled to an order that Defendant provide information and documentation concerning the change in the size of the "Unit" under the Sublease.

## SECOND CLAIM

## Breach of Contract – Payment of the ORRI

25. Plaintiff reincorporates Paragraphs 1 through 24 of its Complaint as if fully rewritten herein.

26. After Defendant acquired the Sublease and the Related Subleases, it issued multiple division orders to Plaintiff that had different decimal interests for different wells.

27. Defendant has asserted that Plaintiff's ORRI decimal interest under the Sublease is reduced proportionately in any well unit where not all of the acreage within the well's unit is subject to the Sublease or the Related Subleases, and Defendant has been making and/or intends to make ORRI payments to Plaintiff based on this reasoning.

28. Defendant's assertions are baseless and are not supported by the express language of the Sublease, and Defendant has been underpaying Plaintiff.

29. Defendant has therefore breached the Sublease.

30. There is nothing in paragraph 11 or anywhere else in the Sublease that reduces Plaintiff's share of the ORRI based on the number of subleased acres within a well's unit.

31. Under the terms of the Sublease, Plaintiff's share of the ORRI should be the same for every well, regardless of how many acres in the well's unit are included within the "Unit" described in Paragraph 11 of the Sublease.

32. Upon information and belief, some of the acreage originally subject to the Related Subleases has been released, and Defendant has continued to include this acreage while calculating Plaintiff's decimal interest of the ORRI, but at the same time Defendant has excluded this acreage when determining the portion of a well's production unit that is subject to the ORRI.

33. Defendant is obligated to recalculate the division orders for the ORRI each time the underlying leases subject to the Sublease and the Related Subleases are released, cancelled, or terminated. Defendant has refused either to make or explain such recalculation.

34. In addition to shortchanging Plaintiff in calculating the percentage of its ORRI, since acquiring the Sublease, Defendant has improperly taken deductions from Plaintiff's ORRI payments that are not permitted under the Sublease for certain costs including, but not limited to, severance tax and gathering.

35. Defendant has admitted and acknowledged that the deductions taken from Plaintiff's ORRI were impermissible under the terms of the Sublease.

36. In addition to shortchanging Plaintiff in calculating the percentage of its ORRI and in taking impermissible deductions, Defendant had refused to pay the ORRI to Plaintiff for wells that Plaintiff has refused to sign a division order.

37. Defendant has a contractual duty to pay Plaintiff the ORRI in accordance with the terms of the Sublease, regardless of whether Plaintiff signs a division order.

38. As a direct and proximate result of Defendant's breach of the Sublease, Plaintiff has been damaged in an amount equal to the difference between the ORRI to which it is

entitled under the terms of the Sublease and the ORRI that Defendant has actually paid to Plaintiff.

## THIRD CLAIM

### Class Action

39. Plaintiff reincorporates Paragraphs 1 through 38 of its Complaint as if fully rewritten herein.

40. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff may assert the foregoing claims on behalf of itself and on behalf of the sublessors under the Related Subleases (the "Class").

41. The Class is so numerous that joinder of all members is impracticable.

42. There are questions of law and fact common members of the Class.

43. The claims of Plaintiff are typical of the claims of the Class.

44. Plaintiff will fairly and adequately protect the interest of the Class.

45. The prosecution of separation actions by individual members of the Class would create a risk of (a) inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant or (b) adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

46. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

47. The questions of law and fact to the Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

48. Plaintiff is entitled to an order that its Complaint be certified as a class action with respect to all of the sublessors under the Related Subleases.

**WHEREFORE**, Plaintiff demands the following relief:

A. an order that Defendant provide a complete accounting for the change in the size of the "Unit," with reference to the Related Subleases and to any other instruments of title relating to a release, defect, or a combination thereof for any of the acreage described in the Related Subleases;

B. judgment in favor of Plaintiff and against Defendant in an amount equal to the difference between the ORRI payments to which Plaintiff is entitled under the Sublease and the ORRI payments actually made by Defendant;

C. an order that Plaintiff's Complaint be certified as a class action with respect to all of the sublessors under the Related Subleases;

D. costs of this action; and

E. such other further relief to which Plaintiff may be entitled in either law or equity.

8

Respectfully submitted,

/s/ Daniel P. Corcoran
Daniel P. Corcoran (#0083512)
Kristopher O. Justice (#0082182)
**THEISEN BROCK,**
  *a legal professional association*
424 Second Street
Marietta, Ohio 45750
Telephone: (740) 373-5455
Telefax: (740) 373-4409
corcoran@theisenbrock.com
justice@theisenbrock.com
*Counsel for Plaintiff, Profit Energy Company*

(474151)